# EXHIBIT A



**Service of Process Transmittal**
04/15/2022
CT Log Number 541415942

TO:     LGS SOP
        APPLE INC.
        ONE APPLE PARK WAY
        CUPERTINO, CA 95014-0642

RE:     **Process Served in California**

FOR:    Apple Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LUCILA BAPTISTE, individually and on behalf of all others similarly situated vs. APPLE INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Order, Notice |
| **COURT/AGENCY:** | Santa Clara County Superior Court of California, CA<br>Case # 22CV396771 |
| **NATURE OF ACTION:** | Violation of the New York Video Consumer Privacy Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/15/2022 at 01:21 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joel D. Smith<br>Bursor & Fisher, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>925-300-4455 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2022, Expected Purge Date: 04/20/2022 |
| | Image SOP |
| | Email Notification,  Colleen Brown  colleen_brown@apple.com |
| | Email Notification,  Heather Moser  hmoser@apple.com |
| | Email Notification,  Tim O'Neil  toneil@apple.com |
| | Email Notification,  Charstie Wheelock  wheelock@apple.com |
| | Email Notification,  Erik Floyd  efloyd@apple.com |
| | Email Notification,  Ryan Moran  rmoran@apple.com |
| | Email Notification,  Jennifer Brown  jennifer_brown@apple.com |

 **CT Corporation**

**Service of Process Transmittal**
04/15/2022
CT Log Number 541415942

TO:     LGS SOP
        APPLE INC.
        ONE APPLE PARK WAY
        CUPERTINO, CA 95014-0642

RE:     **Process Served in California**

FOR:    Apple Inc.  (Domestic State: CA)

Email Notification,  Susan Guarino  sguarino@apple.com

Email Notification,  Andrew Farthing  afarthing@apple.com

Email Notification,  Scott Murray  scott_murray@apple.com

Email Notification,  Lisa Olle  olle@apple.com

Email Notification,  Maya Kumar  maya_kumar@apple.com

Email Notification,  Jessica Hannah  jessica_hannah@apple.com

Email Notification,  Stephanie Fine  stephanie_fine@apple.com

Email Notification,  Amy Handler  ahandler@apple.com

Email Notification,  Gabe Zeldin  gzeldin@apple.com

Email Notification,  Benjamin Huh  bhuh@apple.com

Email Notification,  Aaron Huang  aaron_y_huang@apple.com

Email Notification,  James Wiley, Jr.  jwileyjr@apple.com

Email Notification,  Jesse Koehler  jesse_koehler@apple.com

Email Notification,  Andrew Stein  andrew_stein@apple.com

Email Notification,  Matt Clements  matthew_clements@apple.com

Email Notification,  Natalie Pous  npous@apple.com

Email Notification,  Mara Selfridge  mselfridge@apple.com

Email Notification,  Amy Walters  amy_walters@apple.com

Email Notification,  Robin Goldberg  robin_goldberg@apple.com

Email Notification,  Garrett Sakimae  gsakimae@apple.com

Email Notification,  LGS SOP  lgsopssop@group.apple.com

Email Notification,  Audrey Stano  a_stano@apple.com

Email Notification,  Lloyd Keith II  fkeith@apple.com

 CT Corporation

**Service of Process Transmittal**
04/15/2022
CT Log Number 541415942

**TO:**   LGS SOP
          APPLE INC.
          ONE APPLE PARK WAY
          CUPERTINO, CA 95014-0642

**RE:**   **Process Served in California**

**FOR:**  Apple Inc.  (Domestic State: CA)

Email Notification,  Colette Mayer  colette.mayer@apple.com

Email Notification,  Anita Bamshad  abamshad@apple.com

Email Notification,  Jack Pararas  jpararas@apple.com

Email Notification,  Tucker Terhufen  tterhufen@apple.com

Email Notification,  Jenny Liu  jianing_liu@apple.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
                                330 N BRAND BLVD
                                STE 700
                                GLENDALE, CA 91203
                                877-564-7529
                                MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Apr 15, 2022
**Server Name:**                             Douglas Forrest

| Entity Served | APPLE INC. |
|---|---|
| Case Number | 22c v-39 6771 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
8/30/2022 5:02 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV396771
Reviewed By: P. Hernandez
Envelope: 8641419

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
APPLE INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LUCILA BAPTISTE, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 22CV396771 |

Superior Court of the State of California, County of Santa Clara
191 North First Street San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joel D. Smith, Bursor & Fisher, P.A., 1990 N. California Blvd.,Suite 940 Walnut Creek, CA 94596, Tel: (925) 300-4455

| DATE: | Clerk of Court | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* 3/30/2022 5:02 PM | | *(Secretario)* P. Hernandez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Apple, Inc.
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

E-FILED
3/30/2022 5:02 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV396771
Reviewed By: P. Hernandez

1 **BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
2 Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
3 Walnut Creek, CA 94596
Telephone: (925) 300-4455
4 E-Mail: ltfisher@bursor.com
          jsmith@bursor.com
5
**BURSOR & FISHER, P.A.**
6 Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
7 New York, NY 10019
Telephone: (646) 837-7150
8 E-Mail: pfraietta@bursor.com
9
*Attorneys for Plaintiff*
10

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF SANTA CLARA

13
LUCILA BAPTISTE, individually and on        Case No. 22CV396771
14 behalf of all others similarly situated,
                                            CLASS ACTION
15            Plaintiff,
                                            **COMPLAINT**
16        v.
17
APPLE INC.
18
              Defendant.
19

20

21

22

23

24

25

26

27

28

COMPLAINT – JURY TRIAL DEMANDED

1   Plaintiff Lucila Baptiste ("Plaintiff"), individually and on behalf of all others similarly

2   situated, by and through her attorneys, makes the following allegations pursuant to the investigation

3   of her counsel and based upon information and belief, except as to allegations specifically

4   pertaining to herself, which are based on personal knowledge.

5   **NATURE OF THE ACTION**

6   1.      This is a class action suit brought against Defendant Apple Inc. ("Apple" or

7   "Defendant") for its unlawful retention of Plaintiff's and its other New York customers' personally

8   identifiable information, including their names, addresses, credit card information, and video rental

9   history in violation of the New York Video Consumer Privacy Act, N.Y. General Business Law

10  ("GBL") §§ 670-675 ("NYVCPA").

11  2.      Apple is a leading technology company that rents videos for streaming to consumers

12  through its iTunes platform.

13  3.      Apple maintains a digital record system that details the rental histories of every

14  customer that rents a video from iTunes.  Apple also maintains records containing its customers'

15  billing addresses.

16  4.      As a result, Apple maintains a digital dossier on millions of consumers throughout

17  New York.  These records contain not only its customers' credit card numbers and billing/contact

18  information, but also a detailed account of its customers' video rental histories.

19  5.      In recognition of the fact that companies who rent digital media – like Apple – must

20  collect certain confidential and sensitive consumer information with respect to personal viewing

21  habits, the NYVCPA requires such companies to "destroy personally identifiable information as

22  soon as practicable."  GBL § 673(5).

23  6.      However, in direct contravention of the protections afforded to New York consumers

24  under the NYVCPA, Apple maintains and stores its customers' names, credit card numbers, billing

25  and contact information, and most importantly, sensitive video rental histories for an indefinite

26  period of time.

27  7.      Accordingly, Apple has knowingly retained the "personally identifiable information"

28  and sensitive video rental histories of millions of New York consumers, in violation of the

1   NYVCPA.

2       8.   Plaintiff brings this action on behalf of herself and a class of all people in New York

3   whose personally identifiable information and sensitive video rental histories were retained by

4   Apple.

## THE PARTIES

6       9.   Plaintiff Lucila Baptiste is domiciled in New York and lives in Brooklyn, New York.

7       10.   Ms. Baptiste has an iTunes account, and has rented videos through her iTunes

8   account.

9       11.   On April 11, 2020, Ms. Baptiste rented a movie from Apple, through iTunes.

10       12.   In connection with that rental, Apple collected Ms. Baptiste's name, address, and

11   credit card information.

12       13.   As of March 18, 2022, Ms. Baptiste iTunes's account history still displays the title of

13   the video she rented, as well as the date she rented it and the price she paid for it.

14       14.   Defendant Apple Inc. is a California corporation with its headquarters in Cupertino,

15   California.   Apple does business throughout California and New York.

## JURISDICTION AND VENUE

17       15.   This Court has subject matter jurisdiction over this class action.  This Court has

18   personal jurisdiction over the parties because Defendant, at all times relevant hereto, has

19   systematically and continually conducted, and continues to conduct, business in this State.

20       16.   Venue is proper in this Court pursuant to Civil Code §§ 395 and 395.5.  Defendant

21   conducts business in this County and throughout the State of California and its principal place of

22   business is in this County.

## STATEMENT OF FACTS

### *The Federal Video Privacy Protection Act and Digital Dossiers*

25       17.   The desire to keep video rental history records private led Congress to enact the

26   Video Privacy Protection Act of 1988, 18 U.S.C. § 2710 ("VPPA").  Inspired by the release of

27   video rental records of Supreme Court Justice Nominee Robert H. Bork and his family, Congress

28   promulgated the Act to explicitly preserve United States citizens' right to privacy in their video

COMPLAINT – JURY TRIAL DEMANDED                                        2

1    rental histories.

2         18.    When the VPPA was introduced, Senator Paul Simon noted that:

3              There is no denying that the computer age has revolutionized our
               world.  Over the past 20 years we have seen remarkable changes in
4              the way each one of us goes about our lives.  Our children learn
               through computers.  We bank by machine.  We watch movies in
5              our living rooms.  These technological innovations are exciting and
               as a nation we should be proud of the accomplishments we have
6              made.  Yet, as we continue to move ahead, we must protect time
               honored values that are so central to this society, particularly our
7              right to privacy.  The advent of the computer means not only that
               we can be more efficient than ever before, but that we have the
8              ability to be more intrusive than ever before.  *Every day Americans
9              are forced to provide to businesses and others personal
               information without having any control over where that
10             information goes.  These records are a window into our loves,
               likes, and dislikes.*
11

12   S. Rep. No. 100-599 at 7-8 (1988) (emphasis added).

13        19.    One of the original drafters of the VPPA, Senator Patrick Leahy, remarked that "the

14   trail of information generated by every transaction is now recorded and stored in sophisticated

15   record-keeping systems is a new, more subtle and pervasive form of surveillance."  S. Rep. No.

16   100-599 at 8 (1988).

17        20.    In recognition of the sensitivity of the video renting information, the VPPA requires

18   video tape service providers, like Apple, to destroy "personally identifiable information as soon as

19   practicable, but no later than one year from the date the information is no longer necessary for the

20   purpose for which it was collected ... ."  18 U.S.C. § 2710(e).

21        21.    However, the VPPA differs from the NYVCPA in that it only provides a private

22   right of action for the wrongful *disclosure* of personally identifiable information, and not failure to

23   destroy it.  *See* 18 U.S.C. § 2710(c) (providing private right of action for a "violation of this

24   section" immediately after the disclosure prohibitions in section (b), but not listing the destruction

25   requirements until section (e)).

26                        ***The New York Video Consumer Privacy Act***

27        22.    On the heels of Congress having passed the VPPA, the New York Legislature passed

28   the NYVCPA in 1993 "to protect the personal privacy of individuals and their families who rent

─────────────────────────────────────────────
COMPLAINT – JURY TRIAL DEMANDED                                                    3

1  video cassette tapes and movies and similar audio visual materials." GBL § 671.

2      23.    In his sponsor memorandum, Assemblyman Anthony J. Genovesi noted:

3
4        Video lists have enormous commercial utility, which adds to the
         likelihood that an individual's entertainment preferences will be
         disclosed. Mailing lists are easily devised based on categorizing
5        an individual's viewing habits as documented by video retail
         establishments' records. For example, catalog companies and
6        direct mail sales companies are naturally interested in obtaining
         lists of people who rent children's films, physical fitness films,
7        adventure films, or adult films.

8  Exhibit A, Sponsor Memo at 3.

9      24.    In furtherance of those concerns, like the VPPA, the NYVCPA requires that video
10 tape service provides, like Apple, "destroy personally identifiable information as soon as
11 practicable, but no later than one year from the date the information is no longer necessary for the
12 purpose for which it was collected ... ." GBL § 673(5).

13     25.    However, unlike the VPPA, the NYVCPA explicitly provides a private right of
14 action to enforce that statutory requirement. *See* GBL § 675(1).

15     26.    Specifically, under the NYVCPA, the private right of action is located at the end of
16 the Act and extends to all "violation[s] of this *article*," which refers to Article 32 of the General
17 Business Law, *i.e.*, the NYVCPA.

18     27.    This deviation from the VPPA is not an accident. Indeed, Assemblyman Genovesi
19 specifically noted in his sponsor memorandum that due to the shortcomings of the VPPA, "a
20 separate state law is needed in New York to give her citizens meaningful protection from unwanted
21 intrusions." Ex. A, Sponsor Memo at 3.

22            *A Brief Overview of Renting Videos Through iTunes*

23     28.    iTunes allows consumers to rent videos to instantly stream on their devices.
24     29.    Consumers must first create an account with iTunes which requires them to input
25 their name, date of birth, email address, billing address, and credit card information.
26     30.    After creating an iTunes account, renting a video through iTunes is a three-step
27 process. First, the customer searches iTunes's selections by using its interface. Second, after the
28

COMPLAINT – JURY TRIAL DEMANDED                                                    4

1  customer has identified a video that she wishes to rent, the customer clicks that video and then
2  clicks the "rent" button, which prompts her to enter her iTunes account username and password.
3  Third, the customer enters her iTunes account username and password and clicks "rent," thereby
4  charging the credit card on file with her iTunes account and renting the video.

5      31.     Once the video is rented it is accessible to the customer in the "rented" section of the
6  iTunes interface.

7      32.     The customer must watch the video within 30 days of the rental and has 48 hours
8  from first viewing the video to complete it.

9      33.     After 30 days of the rental, or after 48 hours from first viewing the video, whichever
10 comes earlier, the video is no longer accessible to the customer.

11     34.     At no time does Apple obtain the consent of its customers to retain their personally
12 identifiable information.

13     35.     Apple requires customers to use only credit or debit cards to rent videos from iTunes.

14     36.     iTunes's terms and conditions provide that all transactions are final.

15     37.     Apple will only offer a refund for a video rental if technical problems prevent or
16 unreasonably delay delivery of the video, and only if requested by the customer within 90 days of
17 the rental.

18                    ***Apple Systematically Violates the NYVCPA***

19     38.     With every rental transaction, Apple collects, stores and maintains its customers'
20 name, credit and debit card information, billing address, and video rental history for an indefinite
21 period of time.

22     39.     The video rental histories that Apple stores include every video that the customer has
23 ever rented from Apple through iTunes, as well as information which identifies the customer as
24 having requested or obtained specific video materials or services.

25     40.     In light of the fact that its customers' rental transactions are necessarily completed
26 within 30 days from the date of rental, and given Apple's policy not to provide refunds for charges
27 that are over 90 days old, Apple systematically violates the NYVCPA by storing and maintaining its
28 customers' "personally identifiable information," as that term is defined by the statutes, for longer

COMPLAINT – JURY TRIAL DEMANDED                                                      5

1   than 90 days.

2                        **CLASS ACTION ALLEGATIONS**

3       41.    Plaintiff seeks to represent a class of all New York residents who (a) rented a video

4   from Apple through iTunes wherein (b) Apple retained for more than 90 days their personally

5   identifiable information, including information that identifies the person as having requested or

6   obtained specific video materials or services, and (c) without their consent (the "Class").

7       42.    Members of the Class are so numerous that their individual joinder herein is

8   impracticable.  On information and belief, members of the Class number in the millions.  The

9   precise number of Class members and their identities are unknown to Plaintiff at this time but may

10  be determined through discovery.  Class members may be notified of the pendency of this action by

11  mail and/or publication through the distribution records of Defendant.

12      43.    Common questions of law and fact exist as to all Class members and predominate

13  over questions affecting only individual Class members.  Common legal and factual questions

14  include, but are not limited to, whether Defendant has violated the NYVCPA by storing and

15  maintaining personally identifiable information, including video rental histories for longer than 90

16  days; and whether Class members are entitled to statutory damages for the aforementioned

17  violations.

18      44.    The claims of the named Plaintiff are typical of the claims of the Class because the

19  named Plaintiff, like all other Class members, rented videos from Apple through iTunes and had her

20  personally identifiable information, including video rental histories stored and maintained by Apple

21  for longer than 90 days.

22      45.    Plaintiff is an adequate representative of the Class because her interests do not

23  conflict with the interests of the Class members she seeks to represent, she has retained competent

24  counsel experienced in prosecuting class actions, and she intends to prosecute this action

25  vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and

26  her counsel.

27      46.    The class mechanism is superior to other available means for the fair and efficient

28  adjudication of the claims of Class members.  Each individual Class member may lack the resources

1  to undergo the burden and expense of individual prosecution of the complex and extensive litigation

2  necessary to establish Defendant's liability.  Individualized litigation increases the delay and

3  expense to all parties and multiplies the burden on the judicial system presented by the complex

4  legal and factual issues of this case.  Individualized litigation also presents a potential for

5  inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

6  management difficulties and provides the benefits of single adjudication, economy of scale, and

7  comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

8  of the liability issues will ensure that all claims and claimants are before this Court for consistent

9  adjudication of the liability issues.

10     47.    Plaintiff brings her claims in this action individually and on behalf of members of the

11  Class against Defendant.

12                                    **COUNT I**
13              **Violation of the New York Video Consumer Privacy Act,**
                          **N.Y. GBL §§ 670-675**

14     48.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set

15  forth herein.

16     49.    Plaintiff brings this claim individually and on behalf of the members of the proposed

17  Class against Defendant.

18     50.    Apple is a "video tape service provider" as defined by the NYVCPA, because it

19  "[e]nage[s] in the business of rental of prerecorded video cassette tapes or similar audio visual

20  materials."  GBL § 672(4).

21     51.    Plaintiff is a "consumer" as defined by the NYVCPA, because she is a "renter ... of

22  goods or services from a video tape service provider."  GBL § 672(1).

23     52.    The NYVCPA requires video tape service providers "destroy personally identifiable

24  information as soon as practicable, but no later than one year from the date the information is no

25  longer necessary for the purpose for which it was collected ... ."  GBL § 673(5).

26     53.    The NYVCPA defines "personally identifiable information" as "any information

27  which identifies a person as having requested or obtained specific video materials or services from a

28

---
COMPLAINT – JURY TRIAL DEMANDED                                                          7

1  video tape service provider." GBL § 672(1).

2  54.  As Apple's customer video rental transactions are completed within 30 days of the

3  rental (as the video is no longer accessible to the customer after that time), and Apple does not

4  provide refunds for charges that are more than 90 days old, it is not necessary for Apple to store and

5  maintain Plaintiff' and the Class's personally identifiable information and personal video rental

6  histories for longer than 90 days.

7  55.  Accordingly, and in violation of GBL § 673(5), Apple has failed to destroy its

8  customers' personally identifiable information as soon as practicable after it was no longer

9  necessary for the purpose for which it was collected.

10  56.  Nonetheless, Apple has stored and maintained Plaintiff's personally identifiable

11  information, as that term is defined by the NYVCPA, for well over 90 days since she rented a video

12  from Apple, through iTunes, on April 11, 2020.

13  57.  Further, Apple does not have a policy in place to timely destroy "personally

14  identifiable information," as required by the NYVCPA.

15  58.  Pursuant to GBL § 675, Plaintiff and the Class have been injured by the violations of

16  GBL § 673(5), and seek damages of not less than $500 each, regardless of the amount of actual

17  damage proved, plus costs, disbursements, and reasonable attorneys' fees.

18
19  **PRAYER FOR RELIEF**

    WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek
20
    judgment against Defendant, as follows:
21
22      a.  Determining that this action is a proper class action;

23      b.  For an order certifying the Class, naming Plaintiff as the representative of the Class,

24          and naming Plaintiff's attorneys as Class Counsel to represent the Class;

25      c.  For an order declaring that the Defendant's conduct violates the statutes referenced

            herein;
26
27      d.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

        e.  For statutory damages in amounts to be determined by the Court and/or jury;
28

f.      For prejudgment interest on all amounts awarded;

g.      For an order awarding Plaintiff and the Class their reasonable attorneys' fees and disbursements, expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury of all issues so triable.

Dated: March 30, 2022                          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____ */s/ Joel D. Smith*_____
                                               Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
        jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff*

COMPLAINT – JURY TRIAL DEMANDED                                    9

**EXHIBIT A**

5904-A                    ①           A 5904-A

Assemblyman Anthony J. Genovesi
New York State Assembly
**MEMORANDUM IN SUPPORT OF LEGISLATION**
submitted in accordance with Assembly Rule III, Section 1 (e)

Bill Number:  Assembly 5904   Senate ____   ____ Memo on original draft

                                       ____ Memo on amended bill

Sponsors: Assemblymembers    Anthony J. Genovesi

         Senators _____

TITLE:

An act to amend the general business law, in relation to protecting the
privacy of consumers renting or purchasing video cassette tapes or similar
audio visual materials.

PURPOSE OR GENERAL IDEA OF BILL:

The purpose of this bill is to protect the personal privacy of consumers
who purchase or rent prerecorded video cassette tapes or similar
audiovisual materials by prohibiting public disclosure of information that
could reveal the identity of such individuals except with the consumer's
consent or pursuant to certain exceptions, such as a court order.
Exceptions to the prohibition are designed to avoid unreasonably
restricting the ability of video retail establishments to retain such
information as is needed to carry on their businesses.

SUMMARY OF SPECIFIC PROVISIONS:

This bill would add a new Article 31 to the General Business Law, entitled
the Video Consumer Privacy Act. The bill would prohibit video tape service
providers from disclosing to any person personally identifiable information
concerning the consumer, including information which identifies a person as
having rented or obtained specific video materials or services from a video
tape service provider.

Exceptions to the general disclosure prohibition would be made where the
disclosure is: to the consumer or is made with the informed, written
consent of the consumer given at the time the disclosure is sought; to any
person if the disclosure is incident to the ordinary course of business of
the video tape service provider as defined in the bill; to a grand jury
pursuant to a grand jury subpoena; pursuant to a court order in a civil
case upon a showing of compelling need or in a criminal case upon a showing
of legitimate need and upon motion and an opportunity to appear to the
consumer; to a law enforcement agency pursuant to a lawfully obtained
warrant; or to a court pursuant to a civil action for conversion commenced
by the video tape service provider or to enforce collection of fines for
overdue or unreturned video tapes, and then only to the extent necessary to
establish the fact of the rental.

000014

A 5904-A

(2)

Old video consumer records must be destroyed within one year of the
information no longer being necessary or requested.

Violators of the bill's provisions would be liable to the consumer for
damages and could also be subject to an action brought by the Attorney
General for injunctive relief and a fine of up to $1,000.

EFFECTS OF PRESENT LAW WHICH THIS BILL WOULD ALTER:

Adds a new Article 31 to the General Business Law.

JUSTIFICATION:

Retail establishments that devote all or part of their business to the sale
or rental of pre-recorded video tapes and movies have become big business.
Almost half of all U.S. households are equipped with a video cassette
recorder. Americans spend hundreds of millions of dollars on renting and
buying movies for home viewing. Thousands of retail outlets rent and sell
video cassettes both to people who enroll as "club members" and to members
of the public generally. Such establishments commonly keep detailed
computerized records of the names and addresses of individual customers
along with the titles of the movies they have rented or purchased. Thus, an
individual's entire history of rentals or purchases of video tapes or
movies for personal entertainment can be obtained at the press of a button.

The unauthorized release of such information raises serious privacy and
First Amendment considerations. The problem was graphically illustrated
during the course of two recent highly-publicized public proceedings: When
Lieutenant Oliver North took the witness stand in the Iran-Contra hearings,
a list of movies rented by him and his family was obtained and made public.
Similarly, when Judge Robert Bork was the subject of a controversial
hearing for a Supreme Court judgeship, his tastes in movies were disclosed
and published by a Washington weekly newspaper, which printed a list of 146
titles of videos rented over the prior year and a half by himself or family
members.

Historically, during the McCarthy era, investigators obtained lists of
books checked out of public libraries and used them against a number of
people. Today in New York State, persons borrowing books from libraries are
protected from such conduct by CPLR 4509, which prohibits the dissemination
of personally identifying details contained in library circulation records
except under specific circumstances. Similarly, personally identifiable
information concerning subscribers of cable television channels is
protected from dissemination under federal law by the Cable Privacy
Protection Act, 47 USC 551 et seq.

Video retail establishment records containing personally identifying
information certainly present the same potential for abuse as library and
cable television records. The Federal government recognized the privacy
problems presented by the video age by enacting the Video Privacy
Protection Act of 1988, P.L. 100-618. Unfortunately, that law is flawed in
that it allows disclosure of personally identifiable information to any

C.0015

*A5904-A*

(3)

person if the disclosure is only of the name and address of the consumer and the video consumer has been given the opportunity to prohibit such disclosure. An even more serious flaw is the new law's exception for commercial mailing lists and similar purposes: "the subject matter of such materials may be disclosed if the disclosure is for the exclusive use of marketing goods and services directly to the consumer." (18 U.S.C. 2710(b)(2) (D) (ii), P.L. 100 - 618 [1988]).

Video lists have enormous commercial utility, which adds to the likelihood that an individual's entertainment preferences will be disclosed. Mailing lists are easily devised based on categorizing an individual's viewing habits as documented by video retail establishments' records. For example, catalog companies and direct mail sales companies are naturally interested in obtaining lists of people who rent children's films, physical fitness films, adventure films, or adult films.

The Department of Law has received dozens of complaints from consumers who have received unsolicited direct mail advertisements for pornographic home video movies, containing explicit descriptions of the movies' contents and suggestive pictures. Some of the solicitations were addressed to the children of the household. It is suspected that a source of these direct mail companies' access to individuals' name and addresses has been video clubs, who disclose lists of customers. The Federal law does nothing to prohibit such use of video establishments' records, since it has a broad mailing list exception. Thus, a separate state law is needed in New York to give her citizens meaningful protection from unwanted intrusions and to cover those video tape service providers which are not engaged in or are affecting interstate commerce.

This bill would prevent the unauthorized sale or other disclosure of personally identifiable information concerning a consumer's movie purchases or rentals. An aggrieved individual could bring a lawsuit under this bill and obtain a minimum of $500 in damages if successful, along with costs and attorney's fees. Violation of the act would also subject the violator to an action for injunctive relief brought by the Attorney General, and to a fine of up to $1,000 per violation. The bill would ensure that video tape service providers will be able to pursue normal business operations by using computerized information as needed for inventory or other legitimate purposes in-house, or to disclose personally identifiable information with the express written consent of the consumer.

Consumers should be entitled to view movies and tapes of their own choosing within their own homes without their personal choices becoming public or finding their way to a pornographer's mailing list. They should not be put in the position of self-censorship out of concern over public disclosure of their choices of video movies. Enactment of this bill would mean that video consumers could rent or purchase video tapes and movies without fear that information connecting them or members of their families to any particular titles could become public or appear on an unwanted mailing list.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Joel D. Smith, State Bar No. 244902
Bursor & Fisher, P.A., 1990 N. California Blvd., Suite 940, Walnut Creek, CA 94596

TELEPHONE NO.: (925) 300-4455     FAX NO. *(Optional)*: (925) 407-2700
E-MAIL ADDRESS: jsmith@bursor.com
ATTORNEY FOR *(Name):* Plaintiff Lucila Baptiste

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
LUCILA BAPTISTE v. APPLE, INC.

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/30/2022 5:02 PM
Reviewed By: P. Hernandez
Case #22CV396771
Envelope: 8641419**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV396771 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2022
/s/ Joel D. Smith

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form |



# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

<table>
<tr><td>TO:</td><td>FILE COPY</td><td rowspan="3">Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 4/14/2022 9:09 AM<br>Reviewed By: R. Walker<br>Case #22CV396771<br>Envelope: 8747828</td></tr>
<tr><td>RE:</td><td>**Baptiste v. Apple Inc.**</td></tr>
<tr><td>CASE NUMBER:</td><td>**22CV396771**</td></tr>
</table>

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Action was filed by Plaintiff Lucila Baptiste ("Plaintiff") in the Superior Court of California, County of Santa Clara, on March 30, 2022 and reassigned on April 13, 2022 to Department 1 (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni** presiding, pending a ruling on the complexity issue.

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Lucila Baptiste**, as the first-named party in the Complaint; and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for August 4, 2022 at 2:30 p.m. in **Department 1** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery, which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**: Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _____ April 13, 2022 _____      _____

Hon. Sunil R. Kulkarni
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

Updated on 3/11/21.

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: _22CV396771_

## PLEASE READ THIS ENTIRE FORM

**_PLAINTIFF_** (the person suing):   Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**_DEFENDANT_** (The person sued):  **You must do each of the following to protect your rights:**

1.   You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2.   You must serve by mail  a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.   You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**_RULES AND FORMS_:**   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

   ▪   State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
   ▪   Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**_CASE MANAGEMENT CONFERENCE (CMC)_:**   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   ***You or your attorney must appear at the CMC.***  *You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| **Your Case Management Judge is:** Hon. Sunil R. Kulkarni | **Department:** 1 |
| **The 1st CMC is scheduled for:** (Completed by Clerk of Court) | |
| **Date:** 08/04/22   **Time:** 2:30pm   in **Department:** 1 | |
| **The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed) | |
| **Date:** _____   **Time:** _____   in **Department:** _____ | |

**_ALTERNATIVE DISPUTE RESOLUTION (ADR)_:**   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**_WARNING_:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Reset Form

---