UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILA BAPTISTE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 22-cv-02888-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Before the Court is Defendant's motion to dismiss. Dkt. No. 24 ("Mot."). The Court found this matter appropriate for disposition without oral argument and took the motion under submission. *See* Dkt. No. 31; Civil L.R. 7-1(b). The Court now **GRANTS** the motion.

**I.     BACKGROUND**

Plaintiffs bring a proposed class action against Apple, alleging that it unlawfully retained personally identifiable information ("PII") collected in connection with video streaming rentals on iTunes. *See* Dkt. No. 16 ¶ 1 ("First Amended Complaint" or "FAC"). This information includes names, addresses, credit card information, and rental history. *Id.* Plaintiffs allege that years after renting videos on iTunes, their account histories still displayed the video title, purchase date, and price. *Id.* ¶¶ 10–20. Plaintiffs assert violations of the New York Video Consumer Privacy Act, N.Y. Gen. Bus. Law §§ 670–75, and Minnesota Statute Sections 325I.01–05. *Id.* ¶¶ 69–90.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is

1  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

2  a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th

3  Cir. 2008).

**III.   DISCUSSION**

Defendant argues that the state statutes on which Plaintiffs rely do not create a private right of action for *retention* of information—only for wrongful disclosure. *See* Mot. at 7–13. The Court agrees and does not reach the remaining arguments.[1]

**A.   Relevant Law**

The New York and Minnesota statutes at issue are nearly identical and prohibit "disclosure of video tape rental records." *See* N.Y. Gen. Bus. Law § 673; Minn. Stat. § 325I.02. Accordingly, they allow consumers to sue a videotape service provider who "knowingly discloses, to any person, personally identifiable information." *See* N.Y. Gen. Bus. Law § 673(1); Minn. Stat. § 325I.02(1). These wrongful disclosure provisions explicitly create civil liability. New York's provision states that a provider who knowingly discloses PII "shall be liable to the aggrieved person for the relief provided in section six hundred seventy-five of this article." N.Y. Gen. Bus. Law § 673(1). In turn, Section 675, titled "civil liability," states: "Any person found to be in violation of this article shall be liable to the aggrieved consumer for all actual damages sustained by such consumer s a result of the violation," and creates a $500 minimum recovery. Similarly, the Minnesota provision states that a provider who knowingly discloses PII "is liable to the consumer for the relief provided in section 325I.03." Minn. Stat. § 325I.02(1). Section 325I.03 then states: "The public and private remedies in section 8.31 apply to violations of 325I.02," and "[i]n addition, a consumer who prevails . . . in an action brought under this section is entitled to a minimum of $500 in damages."[2]

---

[1] Defendant asks for judicial notice of Apple's terms and conditions and privacy policy. Dkt. No. 24-1. The request is **DENIED AS MOOT** as the documents do not inform the Court's analysis.

[2] Section 8.31 lists legal violations that the attorney general has a duty to investigate. It also provides for remedies, including damages, for "any person injured" by those violations. Minn. Stat. § 8.31(3a).

In the same section as the wrongful disclosure provision, both statutes have a record destruction provision (i.e., non-retention provision) that states:

> A person subject to this section shall destroy personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to the information under this section.

*Id.* § 325I.03(6); N.Y. Gen. Bus. Law § 673(5) (identical except ending in "information under this article" instead of "section"). Unlike the wrongful disclosure provisions, the non-retention provisions do not mention liability or refer to the civil liability sections.

These state statutes are modeled after a federal law called the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, enacted in 1988 after a newspaper published Judge Robert Bork's rental history during his failed Supreme Court confirmation proceedings. *See Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1047 (9th Cir. 2015). The Act contains wrongful disclosure and non-retention provisions nearly identical to those in the state statutes. *See* 18 U.S.C. § 2710(b), (e). Circuit courts have repeatedly found that the Act does *not* create a private right of action for wrongful retention of personal information. *See id.* at 1053; *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538 (7th Cir. 2012); *Daniel v. Cantrell*, 375 F.3d 377, 384 (6th Cir. 2004).[3]

**B.   Analysis**

The Court finds that there is no private cause of action for retention of information under either the New York Video Consumer Privacy Act, N.Y. Gen. Bus. Law §§ 670–75, or Minnesota Statute Sections 325I.01–05. The Court's finding is based on the construction and language of the statutes, as well as the reasoning underlying courts' consistent refusal to recognize this cause of action under analogous federal law.

Most importantly, although the wrongful disclosure provisions include express language linking the prohibitions to civil liability, the non-retention provisions do not. *Compare* N.Y. Gen. Bus. Law § 673(1) *with* § 673(5) & Minn. Stat. § 325I.02(1) *with* § 325I.02(6). This contrast is

---

[3] *Daniel* did not address the VPPA's non-retention provision, but notably held that "only [the wrongful disclosure provision] can form the basis of liability." 375 F.3d at 384.

meaningful. If the Court were to interpret the non-retention provisions as creating private liability, it would strip the liability language in the wrongful disclosure provisions of any purpose. *See Rodriguez v. Perales*, 657 N.E. 2d 247, 249 (N.Y. 1995) ("It is well settled that . . . we must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose."); *Allan v. R.D. Offutt Co.*, 869 N.W. 2d 31, 33 (Minn. 2015) (courts must "give effect to all of [a] statute's provisions" so "no word, phrase, or sentence is deemed superfluous, void, or insignificant"). Courts have relied on this reasoning in analyzing the federal VPPA. For example, the following reasoning from *Rodriguez* applies equally here:

> The unlawful disclosure provision explicitly provides for liability "to the aggrieved person." However, the unlawful retention provision does not specify that a video service provider is liable for the knowing retention of personal information. That provision lacks any *mens rea* articulation and does not specify any form of available relief to an aggrieved party. Instead, the provision simply delineates a statutory duty for the "[d]estruction of old records" by the video service provider, and does not otherwise provide for civil liability.

*See* 801 F.3d at 1050–51; *see also Daniel*, 375 F.3d at 379–80 (finding it "plain" that only the wrongful disclosure provision can form the basis of liability because that is the only provision that "includes language relating to liability"). In this regard, the New York and Minnesota statutes are no different than the VPPA.

Other reasons for declining to recognize a private right of action for retention under the VPPA also apply to the New York and Minnesota statutes. The *Rodriguez* court noted that "[g]enerally, when the language of the statute is directed toward the entity being regulated, rather than the party seeking relief, we have not recognized a private right of action." 801 F.3d at 1051. And Judge Posner observed that awarding damages for a violation of the non-retention provision would not "make a lot of sense":

> How could there be injury, unless the information, not having been destroyed, were disclosed? If, though not timely destroyed, it remained secreted in the video service provider's files until it was destroyed, there would be no injury. . . . [L]iquidated damages are intended to be an estimate of actual damages, and if failure of timely destruction results in no injury at all because there is never any disclosure, the only possible estimate of actual damages for violating [the timely destruction provision] would be zero.

4

*Sterk*, 672 F.3d at 538; *see also Rodriguez*, 801 F.3d at 1050.  Finally, just like the VPPA, there is nothing in the statutes or legislative history that "evince[s] any . . . intent to create a private right of action" for retention.  *See Rodriguez*, 801 F.3d at 1051–52.  For example, the sponsor memo for the New York law repeatedly describes the purpose and effect of the bill as protecting privacy by "prohibiting public disclosure of information."  FAC, Ex. A.

Plaintiffs argue that (1) the overall structure of the VPPA differs from the state statutes; and (2) the statutes' "civil liability" sections refer broadly to "this section" and "this article."  Dkt. No. 27 at 2, 5, 11.  First, Plaintiffs are correct that courts have found it meaningful that the VPPA's liability section appears directly after the wrongful disclosure provision but *before* the non-retention provision.  *See Rodriguez*, 801 F.3d at 1050 (quoting *Sterk*, 672 F.3d at 538).  In contrast, the states' liability sections appear at the end of the statute.  But the placement of the VPPA's civil liability section was not the courts' sole basis for finding that there was no private right of action for non-retention, and the altered placement here does not undermine the Court's other reasons for finding the same.  Overall, the lack of explicit reference to liability in the non-retention provisions weighs more heavily than the fact that the liability section comes at the end of the statute, which is common.  Second, the argument that the liability sections use broad language has already been addressed and rejected in the context of the VPPA, which uses the same "this section" language in its "civil action" section.  *See Rodriguez*, 801 F.3d at 1049–40, 1053 (noting that "particular phrases must be construed in light of . . . the whole statutory scheme").[4]

The Court recognizes the difficulty inherent in trying to interpret an apparently novel issue of Minnesota and New York state law, since it "can't grill" either legislature on the question.  *See Sterk*, 672 F.3d at 539.  But the statutes' plain language, considered in light of the case law examining the analogous VPPA, supports the conclusion that there is no private right of action for retention of personally identifiable information under the New York Video Consumer Privacy Act, N.Y. Gen. Bus. Law §§ 670–75, or Minnesota Statute Sections 325I.01–05.

---

[4] For the New York law, the reference to "this article" makes sense because the statute has two separate sections for rental records and sales records, each with its own wrongful disclosure provision.  *See* N.Y. Gen. Bus. Law §§ 673, 674.

**IV. CONCLUSION**

The Court **GRANTS** the motion to dismiss. The Court finds that leave to amend would be futile. The "pleading could not possibly be cured by the allegation of other facts" since the basis for the Court's dismissal is a pure question of law. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted). The Court therefore **DISMISSES** the case without leave to amend. The clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated: 3/13/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge